UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENSON,

          Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster
General of the United States,

          Defendant.
_____/

Case No. 06-15182

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RECORD

In this Title VII case, Plaintiff James Stevenson alleges that his employer, the United States Postal Service,[1] took various adverse employment actions against him for discriminatory and retaliatory reasons over the course of several years.

This Court held a hearing on Defendant's partial summary judgment motion on February 24, 2017. Shortly thereafter, Plaintiff filed the Motion for Leave to Supplement Record that is presently before the Court. In that Motion, Plaintiff requests the Court's leave to add three proposed exhibits to the record. For the reasons stated below, the Court will grant Plaintiff's Motion as to Proposed Exhibit

---

[1] Nominally, the Defendant in this action is Megan J. Brennan, in her capacity as Postmaster General of the United States. For practical purposes, however, the United States Postal Service was Plaintiff's employer, and so references to "Defendant" in this opinion are made with that fact in mind.

103, but will deny Plaintiff's Motion as to Proposed Exhibits 102 and 104.

## I. BACKGROUND

Defendant moved for partial summary judgment in this matter on September 3, 2015. (ECF No. 68.) At the same time, Defendant filed an *ex parte* motion for leave to file a 28-page brief (ECF No. 67), which the Court granted (ECF No. 69). After the Court struck Plaintiff's initial Response for having incorrect type size (ECF No. 76), Plaintiff filed a revised Response on October 27, 2015 (ECF No. 77). The parties stipulated to extend Defendant's time to file its Reply (ECF No. 79), and Defendant timely filed the Reply (ECF No. 81) on November 16, once again with the Court's leave to file excess pages (ECF No. 82).

Among the four exhibits to Defendant's Reply were two sworn Declarations. (ECF No. 81, Ex. 34, Declaration of Nicole Collins-Earley; ECF No. 81, Ex. 36, Declaration of Michael Greene.) Plaintiff filed objections to these Declarations on February 23, 2016. (ECF Nos. 85, 86.) Six days later, this Court directed Defendant to file a response to Plaintiff's objections, "responding fully and separately to each individual paragraph of each Objection, including specific discussion of the issues previously raised in the summary judgment briefing to which the new Affidavit material appropriately responds." (ECF No. 87.) Defendant complied in a timely fashion, filing its Statement of Response on March 11, 2016. (ECF No. 88.)

Plaintiff filed a 143-page reply to Defendant's Statement of Response on

March 24, 2016. (ECF No. 89.) Defendant moved to strike the reply, as it was neither ordered by the Court nor permitted by court rule; that Motion to Strike saw a full round of briefing, ultimately including a motion by Plaintiff for leave to file a sur-reply. (ECF Nos. 90-93.) On December 1, 2016, the Court granted Defendant's Motion to Strike, struck Plaintiff's unauthorized reply to Defendant's Statement of Response, and stated in conclusion that "[t]he summary judgment briefing in this case is closed and no further filings will be accepted by the Court." (ECF No. 98.)

On February 23, 2017, the Court issued an Opinion and Order sustaining in part and overruling in part Plaintiff's objections to the Collins-Earley and Greene Declarations. (ECF No. 100.) The following day, the Court conducted a hearing on Defendant's motion for partial summary judgment.

On March 9, 2017, just under two weeks after Defendant's partial summary judgment motion was taken under advisement, Plaintiff submitted the instant Motion for Leave to Supplement Record. (ECF No. 102, Pl.'s Mot.) Defendant filed a Response on March 21, 2017. (ECF No. 105, Def.'s Resp.) Plaintiff filed a Reply on March 24, 2017. (ECF No. 107, Pl.'s Reply.) Having determined that oral argument will not assist in resolving this Motion, the Court will decide the matter on the briefs. *See* E.D. Mich. L. R. 7.1(f)(2).

## II. DISCUSSION

In support of his Motion for Leave to Supplement Record, Plaintiff cites three

sub-provisions of Federal Rule of Civil Procedure 56, which governs motions for summary judgment generally. First, Rule 56(c)(3) provides that in adjudicating a motion for summary judgment, a court is only required to consider materials cited by the parties, "but it may consider other materials in the record" as well. Second, Rule 56(d)(3) provides that when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion], the court may" defer or deny the motion, allow time for the collection of affidavits or the taking of discovery, or "issue any other appropriate order." Third, Rule 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),[2] the court may
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

---

[2] As the above-quoted language of Rule 56(e) suggests, the broad thrust of Rule 56(c) is that arguments regarding factual disputes must generally be grounded in the summary judgment record. Specifically, Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion" in one of two ways: either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e)(1)-(4).

Under these sub-provisions of Rule 56, Plaintiff argues, he should be allowed to supplement the summary judgment record with three new exhibits. Proposed Exhibit 102 is a "Back Pay Report" covering pay periods in 2009 and 2010, which Plaintiff represents he has submitted in response to questions posed by the Court at the February 24, 2017 hearing. (Pl.'s Mot. Ex. 102, Back Pay Report.) Proposed Exhibit 103 is a May 2009 EEO Investigative Affidavit authored by Chynita L. Evans, which Plaintiff represents was cited in his summary judgment briefing and at the hearing, but inadvertently omitted from the exhibit of which it was supposed to be a part. (Pl.'s Mot. Ex. 103, Evans Affidavit.) Proposed Exhibit 104 is a February 2011 decision by the Michigan Employment Security Board of Review, apparently concerning whether Plaintiff was disqualified from receiving state unemployment benefits from July 2009 because his departure from the Jefferson Station for scheme-training failure was voluntary, and which Plaintiff represents should now be added to the record because Defendant raised the issue of Plaintiff's efforts to complete his scheme training for the first time at the February 24, 2017 hearing. (Pl.'s Mot. Ex. 104, Board of Review Decision.)

The Court notes as a threshold matter that two of the three sub-provisions of Rule 56 that Plaintiff has cited in his Motion are irrelevant to the situation now before

5

the Court. To begin with, Rule 56(c)(3) merely provides that while a court is required to consider all cited record materials in evaluating a summary judgment motion, it may also consider other evidence already in the record—the sub-provision does not, in fact, offer any guidance as to when a court should *expand* a summary judgment record after the summary judgment has been fully briefed and argued.

Second, Rule 56(d)(3) confers discretion on a court to "issue any appropriate order" only when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion. Not only has Plaintiff failed to file such an affidavit or declaration, he makes clear in his Motion that all three of his proposed new exhibits were previously available to him. He acknowledges that the Back Pay Report and the Board of Review Decision were among the documents that Defendant produced in discovery. (*See* Pl.'s Mot. ¶¶ 5, 13.) The previous availability of the Evans Affidavit to Plaintiff is clear from his representation that he "inadvertently omitted" it from the exhibits to his response to Defendant's partial summary judgment motion (Pl.'s Mot. ¶ 7), and from the fact that he cited it in the response itself (*see* ECF No. 77 at 20, Pg ID 2285). Rule 56(d)(3) provides no assistance to Plaintiff here.

It follows that if Plaintiff's request for leave to expand the record has any justification in the sub-provisions of Rule 56 that he has cited, it must be in Rule 56(e). That Rule, as noted above, provides that "[i]f a party fails to properly support

an assertion of fact or fails to properly address another party's assertion of fact," the court may take certain remedial actions, which include "give an opportunity to properly support or address the fact" and "issue any other appropriate order." Fed. R. Civ. P. 56(e)(1), (4).

The Court will therefore analyze each Proposed Exhibit to determine whether it is necessary to reinforce any factual assertion that has not been "properly support[ed]" under Rule 56(e). For the reasons set forth below, the Court will grant Plaintiff's Motion for Leave to Supplement Record as to the Evans Affidavit (Proposed Exhibit 103), but will deny Plaintiff's Motion as to the Back Pay Report (Proposed Exhibit 102) and the Board of Review Decision (Proposed Exhibit 104).

### A. Proposed Exhibit 102: Back Pay Report

Plaintiff argues that at the February 24, 2017 hearing on Defendant's motion for partial summary judgment, "[t]he Court asked whether Plaintiff received back pay, mileage and other reimbursement for excessing." (Pl.'s Mot. ¶ 3.) It is unclear what in the record of the February 24, 2017 hearing this general statement refers to. The Court does not, in any case, perceive a failure of proof as to any factual assertion by either party on this topic that requires the addition of the Back Pay Records to the record as a remedy. In fact, Plaintiff himself acknowledges that "[r]ecords pertaining to this grievance (Grievance No. J06C-4J-0928725 entitled "Improper excessing/removal from bid award") have been filed" as exhibits to his response in

7

opposition to Defendant's partial summary judgment motion. (Pl.'s Mot. ¶ 3 (citing ECF No. 77 Exs. 55, 77)).)

In his Reply in support of his Motion for Leave to Supplemental Record, Plaintiff does not provide any more specific indications as to how the Back Pay Report fills in any evidentiary gap identified by the Court at the February 24, 2017 hearing. He does, however, articulate an additional reason he believes the Back Pay Report should be added to record, arguing that they "also address Defendant's statements during the motion hearing that [Plaintiff] was not excessed." (Pl.'s Reply at 1, Pg ID 4337.) He then proceeds to argue at length that the Back Pay Report, in tandem with other evidence already in the record, refutes any such claim by Defendant. (*See id.* at 2-4, Pg ID 4338-39.) The Court finds that there is adequate evidence in the record on this issue, and also sees no reason that any additional evidence on it could not have been proffered in the parties' summary judgment briefing. The Court will deny Plaintiff's Motion for Leave to Supplement Record as to Proposed Exhibit 102.

**B.     Proposed Exhibit 103: Evans Affidavit**

Plaintiff argues that the Evans Affidavit should be added to the record because he inadvertently omitted it from Exhibit 11 to his response in opposition to Defendant's partial summary judgment motion. The Court agrees with Plaintiff that there is support for this claim in two respects. First, Plaintiff cited the Evans

Affidavit in his response, amid a discussion of his termination from his position at the Jefferson Station for scheme training failure:

> The USPS's "Employee and Labor Relations Manual and Handbook PO – 402" or "ELM", which is quoted in the separation letter, does not mandate discharge for scheme failure: "Trainees who fail the final qualification examination are either disqualified, reassigned, or discharged by management, as the circumstances warrant, consistent with the provisions of the National Agreement." Ex. 12, Notice of Separation 5/18/09 (citing ELM Handbook PO – 402, 247 Scheme Examination Failures). *This is admitted by the USPS's station manager. Ex. 11, Evans Aff. 5/4/09, ¶12 (Upon scheme failure, "management would have to assess what action to take. . . . I do not know of any requirement that an employee would be terminated . . .").*

(ECF No. 77 at 19-20, Pg ID 2284-85 (emphasis added).) Plaintiff had identified Evans as a station manager at the Jefferson Station earlier in the response brief. (*See id.* at 6-7, Pg ID 2271-72.) The quotation attributed to Paragraph 12 of the Evans Affidavit in the portion of the response quoted above, moreover, matches language in Paragraph 12 of the Evans Affidavit that Plaintiff seeks to admit as Proposed Exhibit 103. (*See* Pl.'s Mot. Ex. 103, Evans Affidavit at 4, Pg ID 4181 ("At that point management would have to assess what action to take. I do not know of any requirement that an employee would be terminated, although I believe that could possibly be one outcome based on the individual circumstances. Probably more likely the employee would be reassigned to a position without the scheme."). Lastly, Plaintiff is correct to assert that his counsel cited the Evans Affidavit—indeed, cited

9

Paragraph 12 of the Evans Affidavit specifically—at the February 24, 2017 hearing.

Defendant counters that Plaintiff's Proposed Exhibit 103 adds nothing to the record, largely because it is consistent with a different EEO Investigative Affidavit sworn to by Evans that Defendant included among the exhibits to its partial summary judgment motion. This does not, however, suffice by itself to establish that the Evans Affidavit submitted by Plaintiff as Proposed Exhibit 103 is wholly irrelevant to the issues raised in the summary judgment briefs. The Court concludes that Plaintiff's apparently accidental omission of the Evans Affidavit, despite his citation to it in the briefing and at the hearing, justifies a finding that the absence of that document constitutes a "fail[ure] to properly support an assertion of fact" under Rule 56(e). Because (and only because) it is evident that Plaintiff intended to include the Evans Affidavit in the record before the Court closed it on December 1, 2016, the Court will grant Plaintiff's Motion for Leave to Supplement Record as to Plaintiff's Proposed Exhibit 103.

C. **Proposed Exhibit 104: Board of Review Decision**

Finally, Plaintiff argues in his Motion that the Court should allow the Board of Review Decision into the record because "[d]uring oral argument, Defendant's counsel alluded to [Plaintiff's] job performance and effort to succeed at scheme training." (Pl.'s Mot. ¶ 11.) Plaintiff elaborates in his Reply that, for the first time at that hearing, "Defendant questioned [Plaintiff's] efforts during scheme

training. . . . This was not mentioned in Defendant's partial summary judgment motion." (Pl.'s Reply at 6, Pg ID 4342.)

The Court rejects this argument. In discussing Plaintiff's scheme training failure in its motion for partial summary judgment, Defendant stated as follows:

> When Plaintiff was reassigned to the Jefferson station, he was required to pass scheme training for his new position and was informed that failure to pass could result in removal. Scheme training requires the clerk to memorize certain addresses and routes to increase their efficiency at sorting mail. Plaintiff received over 18 hours of training. Plaintiff waited until the last day he could take his exam, April 22, 2009, and got 26%; 95% is required to pass. On May 18, 2009, Plaintiff was issued a Notice of Separation for scheme failure. After receiving his Notice, his supervisor had him distribute live mail to help him learn the scheme and keep his job. Plaintiff was given 30 additional days to pass his exam and avoid removal, but he failed to do so.

(ECF No. 68 at 6, Pg ID 547 (citations omitted).) In light of Defendant's references to the amount of training Plaintiff received, his waiting until the last day possible to take the exam, the discrepancy between his score and the minimum passing score, and the additional time he received to pass the exam, Plaintiff has no colorable argument that he was surprised by Defendant's questioning his level of effort in preparing for the exam. Plaintiff disputes several of these facts, and this Court will evaluate those disputes to the extent that their resolution is necessary to resolve Defendant's partial summary judgment motion. The only issue presently is whether the issue of Plaintiff's effort level in his scheme training at the Jefferson Station was

11

raised in some way in Defendant's motion for partial summary judgment. It is clear to this Court that it was.

Accordingly, the Court concludes that there is no evidentiary gap which admission of the Board of Review Decision into the record is necessary to remedy. For that reason, the Court will deny Plaintiff's Motion for Leave to Supplement Record as to Proposed Exhibit 104.

### III. CONCLUSION

The Court unequivocally closed summary judgment briefing in this matter on December 1, 2016. (ECF No. 98.) In light of that, and because Plaintiff has not demonstrated that Proposed Exhibits 102 and 104 should be added to the record under Rule 56(e), the Court hereby DENIES Plaintiff's Motion for Leave to Supplement Record as to those two exhibits. Because there are clear indications that Plaintiff intended to include the Evans Affidavit in the record but inadvertently failed to do so, however, the Court hereby GRANTS Plaintiff's Motion for Leave to Supplement Record as to Proposed Exhibit 103. The Court will consider Proposed Exhibit 103 in adjudicating Defendant's partial summary judgment motion.

IT IS SO ORDERED.

Dated: March 12, 2018                s/Paul D. Borman
                                     Paul D. Borman
                                     United States District Judge

12

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2018.

                                                    s/D. Tofil
                                                    Deborah Tofil, Case Manager