UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENSON,

        Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster
General of the United States,

        Defendant.

_____/

Case No. 06-15182

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

In this Title VII case, Plaintiff James Stevenson alleges that his employer, the United States Postal Service,[1] took various adverse employment actions against him for discriminatory and retaliatory reasons over the course of several years.

On February 23, 2017, this Court issued an Opinion and Order (ECF No. 100) sustaining in part and overruling in part a series of objections (ECF Nos. 85, 86) that Plaintiff had raised against two sworn declarations attached as exhibits to the reply brief (ECF No. 81) that Defendant had filed in support of its motion for partial summary judgment (ECF No. 68). Plaintiff now seeks reconsideration of the portion

---

[1] Nominally, the Defendant in this action is Megan J. Brennan, in her capacity as Postmaster General of the United States. For practical purposes, however, the United States Postal Service was Plaintiff's employer, and so references to "Defendant" in this opinion are made with that fact in mind.

of that Opinion and Order that was unfavorable to him, as well as other relief. For the reasons that follow, the Court will deny Plaintiff's Motion for Reconsideration.

## I.     BACKGROUND

Defendant moved for partial summary judgment in this matter on September 3, 2015. (ECF No. 68.) At the same time, Defendant filed an *ex parte* motion for leave to file a 28-page brief (ECF No. 67), which the Court granted (ECF No. 69). After the Court struck Plaintiff's initial Response for having incorrect type size (ECF No. 76), Plaintiff filed a revised Response on October 27, 2015 (ECF No. 77). The parties stipulated to extend Defendant's time to file its Reply (ECF No. 79), and Defendant timely filed the Reply (ECF No. 81) on November 16, once again with the Court's leave to file excess pages (ECF No. 82).

Among the four exhibits to Defendant's Reply were two sworn Declarations. (ECF No. 81, Ex. 34, Declaration of Nicole Collins-Earley; ECF No. 81, Ex. 36, Declaration of Michael Greene.) Plaintiff filed objections to these Declarations on February 23, 2016. (ECF Nos. 85, 86.) Six days later, this Court directed Defendant to file a response to Plaintiff's objections, "responding fully and separately to each individual paragraph of each Objection, including specific discussion of the issues previously raised in the summary judgment briefing to which the new Affidavit material appropriately responds." (ECF No. 87.) Defendant complied in a timely fashion, filing its Statement of Response on March 11, 2016. (ECF No. 88.)

2

Plaintiff filed a 143-page reply to Defendant's Statement of Response on March 24, 2016. (ECF No. 89.) Defendant moved to strike the reply, as it was neither ordered by the Court nor permitted by court rule; that Motion to Strike saw a full round of briefing, ultimately including a motion by Plaintiff for leave to file a sur-reply. (ECF Nos. 90-93.) On December 1, 2016, the Court granted Defendant's Motion to Strike, struck Plaintiff's unauthorized reply to Defendant's Statement of Response, and stated in conclusion that "[t]he summary judgment briefing in this case is closed and no further filings will be accepted by the Court." (ECF No. 98.)

On February 23, 2017, this Court issued an Opinion and Order sustaining in part and overruling in part Plaintiff's evidentiary objections. (ECF No. 100, February 23, 2017 Opinion and Order.) Plaintiff filed the instant Motion for Reconsideration, which concerns the aspects of Plaintiff's evidentiary objections that this Court overruled, on March 9, 2017. (ECF No. 103, Pl.'s Mot.) The Court requested that Defendant respond to the Motion for Reconsideration (ECF No. 104), and Defendant did so on March 23, 2017. (ECF No. 106, Def.'s Resp.) One week later, Plaintiff filed yet another unauthorized reply. (ECF No. 108, Pl.'s Reply.)

Pursuant to E.D. Mich. L.R. 7.1(f)(1), the Court determines that no hearing is necessary to rule on the Motion for Reconsideration, and that the matter is otherwise ripe for adjudication.

3

## II.     STANDARD OF REVIEW

Local Rule 7.1(h)(3) provides as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *see also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original) (citing

*Maiberger*, 724 F. Supp. 2d at 780), *aff'd*, 483 F. App'x 30 (6th Cir. 2012).

"To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.*, 417 B.R. 449, 454 (E.D. Mich. 2009) (quoting *Henderson v. Walled Lake Consolidated Schools,* 469 F.3d 479, 496 (6th Cir. 2006)). "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007)). By the same token, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Id.* (citing *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003) and *CGH Transp., Inc. v. Quebecor World, Inc.,* 261 F. App'x 817, 824 (6th Cir. 2008)); *see also Arrowood Indem. Co. v. Lubrizol Corp.*, 695 F. App'x 842, 849 (6th Cir. 2017) ("Motions for reconsideration are not to be used as 'an opportunity to re-argue a case' or to 'introduce evidence for the first time ... where that evidence could have been presented earlier.'") (quoting *Shah*, 507 F. App'x at 495).

## III.    DISCUSSION

**A.    The Court will exclude evidence that Plaintiff previously submitted as exhibits to his unauthorized reply brief.**

As a threshold matter, the Court notes that Plaintiff's Motion for Reconsideration relies in substantial part on arguments made in (and exhibits attached to) the unauthorized reply brief he filed in support of his evidentiary objections (ECF No. 89), a filing which this Court struck on December 1, 2016. (ECF No. 98.) Indeed, portions of the instant Motion for Reconsideration are taken verbatim from the now-struck reply brief, and seven of the 12 exhibits attached to the instant Motion are literally or materially identical to exhibits that were attached to the unauthorized reply brief. (*See* Pl.'s Mot. Exs. 105-110, 113.)

The Court does not look favorably, to put it mildly, on this obvious attempt by Plaintiff to sidestep the Court's striking of his unauthorized reply, as well as the Court's more general prohibition on additional filings or additional expansion of the evidentiary record. As noted above, moreover, the scope of review on a motion for reconsideration is limited to issues that were actually before the court, and a party seeking reconsideration may not introduce evidence that that party could have introduced before the challenged ruling was made. Plaintiff makes no showing that any of the new evidence or the arguments that rely on it—including both the material recycled from Plaintiff's unauthorized reply brief and the material introduced for the first time on this Motion for Reconsideration—could not have been raised in his

6

initial set of objections. Accordingly, to any extent that Plaintiff's arguments rely on evidence that was not already in the record before the Court closed it on December 1, 2016, the Court will disregard those arguments and evidence.

**B.     Reconsideration of the Court's decision not to disregard the Declaration of Nicole Collins-Earley is not warranted.**

In the February 23, 2017 Opinion and Order, the Court overruled Plaintiff's objections (ECF No. 85) regarding the Declaration of Nicole Collins-Earley that was attached to Defendant's reply in support of its partial summary judgment motion (ECF No. 81, Ex. 34, Declaration of Nicole Collins-Earley). The Court summarized Collins-Earley's Declaration as follows:

> The Collins-Earley Declaration contains nine paragraphs. In it, Collins-Earley, who identifies herself as the "Great Lakes Area Complement Coordinator," avers that owing to declining mail volume in the Great Lakes area between 2005 and 2012, a total of 16,503 fulltime and part-time workers were "identified for excessing" in that area during that time. The Collins-Earley Declaration goes on to describe the process by which Plaintiff's position was identified for excessing based on a report generated from local data, and then to state that Plaintiff was not excessed, in the end, because a different employee was awarded a bid in a different section and for a different job classification.

(ECF No. 100 at 2 (internal citations omitted) (citing Collins-Earley Decl. at ¶¶ 1, 3, 4-9).)

The Court then overruled all of Plaintiff's objections to the Collins-Earley Declaration. First, the Court overruled Plaintiff's objection that Defendant's citation

to the Collins-Earley Declaration in its reply brief amounted to raising a new issue in the reply, because it was relevant to Plaintiff's assertion in his response brief that Defendant "did not excess any other [similar] position in the entire State of Michigan." (*Id.* at 5-6, Pg ID 4121-4122 (internal quotation marks omitted) (quoting ECF No. 77 at 16, Pg ID 2281).) The Court also overruled Plaintiff's objection that Defendant had not produced documents regarding excessing outside of southeast Michigan in discovery, and it reached this conclusion for three reasons: (1) because Plaintiff had not pointed to any discovery request to which such documents would have been responsive; (2) because Plaintiff had himself submitted a different declaration by Collins-Earley as an exhibit to his response to Defendant's partial summary judgment motion (and thus could not claim unfair surprise); and (3) because under governing Sixth Circuit precedent, any such omission on Defendant's was both "substantially justified and harmless." (*Id.* at 6-8, Pg ID 4122-24 (citing *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)).) Further, the Court overruled Plaintiff's objection that Collins-Earley's account of his excessing was incorrect based on the fact that he was not actually the junior-most part-time regular ("**PTR**") employee at his location, since Plaintiff had not demonstrated that Defendant was aware of this fact when it made the excessing decision. (*Id.* at 8-9, Pg ID 4124-25.) Finally, the Court overruled Plaintiff's objection that Collins-Earley did not have personal knowledge of excessing that occurred at the sectional level (as

opposed to the broader installational level), because the Court found Collins-Earley's averment that she had reviewed regularly kept business records sufficient to establish her competency to testify on the subject. (*Id.* at 9-10, Pg ID 4125-26.)

In his Motion for Reconsideration, Plaintiff makes various arguments that the Court's refusal to strike or otherwise disregard the Collins-Earley Declaration was in error. For the reasons discussed below, none of these arguments has merit.

### 1.    Paragraphs 6 through 8

Plaintiff first argues that the Court's decision not to disregard the Collins-Earley Declaration warrants reconsideration because three specific paragraphs of the declaration are, he claims, demonstrably false. In these three paragraphs of her Declaration, Collins-Earley averred as follows:

> 6. Based on the Work Hour Impact Report, 85 full-time regular ("FTR") positions and 1 part-time regular ("PTR") position were identified for excessing outside of the installation and/or craft.
> 7. As is the normal practice, prior to the installation and/or craft excessing, a sectional excessing was also done in the Detroit City Stations.
> 8. In 2008, Plaintiff, as the junior PTR clerk based on his seniority, was identified as excess to the needs of the section and the installation/craft.

(Collins-Earley Decl. ¶¶ 6-8.)

Plaintiff argues that evidence shows that he was excessed at the sectional level but not at the broader "installation/craft" level, thereby proving that the portion of the Collins-Earley Declaration quoted above was false. But in making this argument,

9

Plaintiff relies predominantly on exhibits that this Court has excluded, as noted *supra*, because they were not before this Court when it ruled on Plaintiff's evidentiary objections, and because Plaintiff has made no showing that they could not have been presented to the Court earlier. Indeed, in support of this argument, Plaintiff cites no fewer than six such exhibits—all of which, incidentally, were also attached to Plaintiff's unauthorized reply brief that this Court struck on December 1, 2016. (ECF No. 98.)

Even if the Court were to consider Plaintiff's belated evidence, such evidence would not warrant reconsideration of the Court's decision not to disregard the Collins-Earley Declaration. For example, among the excluded evidence is a record dated January 17, 2007, which indicates that Plaintiff's "[e]ffective" date at the Brightmoor facility was "02/28/98." (Pl.'s Mot. Ex. 107.) Plaintiff argues that this undermines the Court's finding in its February 23, 2017 Opinion and Order that Defendant erroneously understood Plaintiff's seniority date to be April 11, 1998, rather than February 28, 1998 (which is what it actually was), because it shows that Defendant did in fact know what Plaintiff's real seniority date was before it identified employees for excessing in 2008. But even if the Court were to consider this evidence, it would not support Plaintiff's claim: without any further context it amounts only to a record indicating that Plaintiff's effective date of employment in his position at the Brightmoor facility was February 28, 1998, and it does not

controvert the substantial evidence that Defendant (as well as Plaintiff's union) incorrectly understood Plaintiff's seniority date to be in April 1998, which the Court reviewed and discussed in its February 23, 2017 Opinion and Order. (ECF No. 100 at 8-9, Pg ID 4124-25.)

Plaintiff also argues that Collins-Earley's statement that "[i]n 2008, Plaintiff, as the junior PTR clerk based on his seniority, was identified as excess to the needs of the section *and the installation/craft*" was false. (Collins-Earley Decl. ¶ 8 (emphasis added).) Plaintiff had contended in his initial evidentiary objections that employee Paul De Santis, who worked in a different section but the same installation as Plaintiff, was more junior than Plaintiff was, thus undermining Collins-Earley's averment that Plaintiff was identified for excessing at the installational level as well as the sectional level in 2008; Defendant noted in response that Plaintiff's evidence of De Santis's seniority date was dated June 2006, and therefore did not establish that the more junior De Santis still worked in the installation as of November 2008, when Collins-Earley avers the excessing was being considered. Now, Plaintiff submits evidence purporting to show that De Santis was still working in the same installation as late as November 2009. This argument relies entirely on the belated evidence that the Court has excluded for the reasons set forth above. Plaintiff has not disputed that the evidence he submitted with his initial evidentiary objections was dated June 2006, thereby providing this Court at that time with no basis for

concluding that De Santis was a more junior PTR employee who still worked in the same installation at the time of the excessing. Plaintiff has also offered no explanation as to why he could not have provided evidence that was not outdated when he first raised these objections.[2] But here again, even if this evidence were considered by the Court, it would not justify striking the Collins-Earley Declaration, because it is irrelevant to the reasons that Defendant submitted the Collins-Earley Declaration in the first place. Defendant argues in its Response to Plaintiff's Motion for Reconsideration that Collins-Earley's Declaration was offered to show that the larger installation of which Plaintiff's section was a part "intended to excess one PTR position from the installation – contrary to Plaintiff's claim that the section's decision to eliminate one PTR position was made just to target him. . . . What employee would ultimately have been excessed from the installation if that excessing had proceeded is irrelevant." (Def.'s Resp. at 5, Pg ID 4325.) This Court agrees. Even if Plaintiff's new evidence regarding De Santis were cognizable in the "palpable defect" inquiry here—which, as has been repeatedly emphasized, it is not—the evidence would have no bearing on the Collins-Earley Declaration's relevance to the purpose for which it was offered.

---

[2] In fact, in Plaintiff's Declaration that is attached to his Motion for Reconsideration—also submitted previously with Plaintiff's unauthorized reply brief and also excluded here—Plaintiff avers that he obtained these records in *2010*. (Pl.'s Mot. Ex. 109, Declaration of James Stevenson, III ¶ 7.)

Without the excluded evidence, and thus relying only on evidence that was already in the record as of December 2016, Plaintiff establishes only that the notice he received in 2008 pertained to sectional excessing rather than installational excessing (*see* ECF No. 77 Exs. 47, 49), and that Collins-Earley circulated a letter and "Impact Statement" regarding excessing to three unions in December 2008 (*see* ECF No. 77 Ex. 48). Neither of these factual assertions conflicts in any material way with paragraphs 6 through 8 of the Collins-Earley Declaration. To the extent that Plaintiff's Motion seeks reconsideration of the Court's decision not to disregard those paragraphs, the Motion will be denied.

### 2. Paragraph 3

In the third paragraph of her Declaration, Collins-Earley averred:

> Declining mail volume has been a continuing issue, from 2005 to 2012, the Great Lakes Area has had 2655 separate excessing events. Between 2005 and 2012, a total of 16,503, full-time regular, part-time regular, and part-time flexible career workers have been identified for excessing in the Great Lakes Area.

(Collins-Earley Decl. ¶ 3.) The Court's analysis of this paragraph of the Collins-Earley Declaration in the February 23, 2017 Opinion and Order was limited to two issues: (1) whether Collins-Earley's reference to excessing in the "Great Lakes Area" was so out of the scope with regard to the issues raised in the summary judgment briefing that it amounted to Defendant's raising a new issue in a reply brief, and (2) whether Defendant's failure to produce records regarding that topic or

to disclose Collins-Earley as a witness in discovery necessitated striking this paragraph of her Declaration. The Court answered both questions in the negative. (ECF No. 100 at 5-8, Pg ID 4121-24.)

Now, Plaintiff argues that the third paragraph of Collins-Earley's Declaration amounts to a "misrepresentation[]." (Pl.'s Mot. at 10, Pg ID 4205.) To begin with, this is wholly beyond the scope of the objections that Plaintiff raised in the first instance, and through his failure to argue that the statement was false at that time, Plaintiff has waived the argument here.

Even if the argument were not waived, it would be meritless: Plaintiff's claim that "Nicole Earley's Declaration is false" (Pl.'s Mot. at 14, Pg ID 4209), at least as it pertains to the third paragraph of her Declaration, is not even remotely borne out by his evidence. Plaintiff sets forth an elaborate timeline of events purporting to demonstrate the ways in which Defendant increased the numbers of PTR employees in his installation between 2008 and 2011. (*Id.* at 11-15, Pg ID 4206-10.) But to the extent these claims are supported by non-excluded evidence—or indeed supported by any evidence at all—they do not demonstrate the falsity of Collins-Earley's statement regarding excessing in "the Great Lakes Area" between "2005 and 2012," as they are considerably more limited in geographical as well as temporal scope than Collins-Earley's statement.

Perhaps owing to that fact, Plaintiff goes on to argue that any statements

14

pertaining to excessing on a scale broader than the installational level are irrelevant to his claims in this lawsuit and therefore could only have been offered to mislead the Court. This argument is devoid of citation to authority or evidence. Even if it were not, an argument that the evidence is less than fully relevant would not justify striking it from the summary judgment record, or show that the Court's previous refusal to do so was palpably defective. To the extent that Plaintiff's Motion seeks reconsideration of the Court's decision not to disregard the third paragraph of the Collins-Earley Declaration, the Motion will be denied.

### 3.   **Paragraph 9**

In the ninth paragraph of her Declaration, Collins-Earley averred:

> In January 2009, another employee was awarded a bid out of Plaintiff's section and was no longer a PTR employee. Because of the attrition of that position, Plaintiff no longer needed to be excessed and he was reassigned within the section.

(Collins-Earley Decl. ¶ 9.)

Here, Plaintiff takes issue with the assertion that he was not excessed, and argues that Defendant's contention that he *was* in fact excessed is another attempt to mislead the Court. This issue was not within the scope of Plaintiff's evidentiary objections. Moreover, it is abundantly clear that it could have been raised at that time, because Plaintiff had already argued the point at length in his response to Defendant's motion for partial summary judgment, as he himself acknowledges in

his Motion for Reconsideration. (*See* Pl.'s Mot. at 17, Pg ID 4212 ("Plaintiff's excessing has been addressed at length, with citations to evidence, and will not be repeated here.") (citing ECF No. 77 at 10-17, Pg ID 2275-81).)

Plaintiff identifies nothing in this Court's February 23, 2017 Opinion and Order regarding this topic that constituted a palpable defect—nor can he, because neither that Opinion and Order nor the evidentiary objections that it evaluated addressed the topic at all. Insofar as Plaintiff disputes Defendant's use of the term "excessing," he had (and exercised) the opportunity to argue the point in his response to Defendant's partial summary judgment motion. Here, he indicates no palpable defect that would justify striking the ninth paragraph of the Collins-Earley Declaration. To the extent that Plaintiff's Motion seeks reconsideration of the Court's decision not to do so, the Motion will be denied.

### 4. Collins-Earley's status as a "non-listed witness"

Finally, Plaintiff urges the Court to reconsider its decision not to disregard the Collins-Earley Declaration in its entirety based on Defendant's alleged failure to disclose Collins-Earley as a witness in discovery. In the February 23, 2017 Opinion and Order, this Court held that because Plaintiff himself had attached a different sworn declaration by Collins-Earley as an exhibit to his response to Defendant's partial summary judgment motion, even if Defendant had "materially failed to disclose information in discovery, the omission was both substantially justified and

harmless" under Sixth Circuit precedent. (ECF No. 100 at 7-8, Pg ID 4123-24 (citing *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)).)

In his Motion for Reconsideration, Plaintiff protests that he only attached that declaration to his response brief because Defendant had cited it but failed to include it as an exhibit to its partial summary judgment motion,[3] prompting Plaintiff to include it as an exhibit to his response brief "so that the Court [would not be misled] by Defendant's false argument." (Pl.'s Mot. at 20-21, Pg ID 4215-16.) Plaintiff fails to articulate how this in any way attenuates the extent to which his inclusion of Collins-Earley's other declaration in his response brief rendered any omission by Defendant to disclose her in discovery substantially justified and harmless. He certainly has not identified a clear legal error, newly discovered evidence, a change in controlling law, or manifest injustice, as required to show the existence of a palpable defect. To the extent that Plaintiff's Motion seeks reconsideration of the Court's decision not to disregard the Collins-Earley Declaration for failure to disclose the declarant in discovery, the Motion will be denied.

---

[3] It is true that Defendant did not attach the declaration as an exhibit to its motion for partial summary judgment, but it is also clear that this was because the declaration was an exhibit in a previous case in this District, and therefore readily accessible via the Public Access to Court Electronic Records ("PACER") database. (*See* ECF No. 68 at 18, Pg ID 559 ("In March 2009, the USPS notified the union that it would excess 69 clerks from the Detroit Processing and Distribution Center. *See* Case No. 10-10316, Dkt. #8-3, Pg ID 255.")).

**C.  Striking or otherwise disregarding the Declarations of Michael Greene and Stacey Parker is not warranted.**

In the February 23, 2017 Opinion and Order, this Court also addressed Plaintiff's objections to the Declaration of Michael Greene. The Court described the Greene Declaration as follows:

> The Greene Declaration contains seven paragraphs. In it, Greene, who avers that he is a "Human Resources Specialist," identifies five employees of Defendant in the Metro Detroit area who were issued removals for scheme failure, but who for unrelated reasons were permitted to continue their employment in their original positions or in others.

(ECF No. 100 at 2, Pg ID 4118 (internal citations omitted) (citing Greene Declaration ¶¶ 1, 3-7).) In its reply in support of its motion for partial summary judgment, Defendant argued that the Greene Declaration showed that the five potential comparator employees all "were issued notices of removal, the same as Plaintiff," but that "unlike Plaintiff, [they all] either subsequently passed their scheme training, bid to another position, or settled in the grievance process." (ECF No. 81 at 9-10, Pg ID 3581-82.)

Plaintiff leveled an array of objections at the Greene Declaration, and this Court sustained two of them. First, the Court held that it would disregard the fourth paragraph of the Greene Declaration, concerning Julie Coulter, since Defendant admitted that Greene had misread Coulter's records, and that rather than passing her scheme training, Coulter had instead bid to a different position. Defendant submitted

a new sworn declaration by Labor Relations Specialist Stacey Parker that corrected the admitted inaccuracy in the Greene Declaration (ECF No. 88 Ex.1, Declaration of Stacey O. Parker), and the Court held that it would disregard the fourth paragraph of the Greene Declaration in favor of the Parker Declaration. (ECF No. 100 at 11-12, Pg ID 4127-28.) Second, the Court held that it would disregard the third paragraph of the Greene Declaration, concerning Kena Walker, because Defendant admitted that it too was based on a misreading by Greene of the pertinent records. Because the Parker Declaration did not address Walker and because Defendant had not submitted any other corrective evidence about her, the Court held that it would disregard the third paragraph of the Greene Declaration altogether.

Now, in his Motion for Reconsideration, Plaintiff argues that the Court should strike both the Greene Declaration *and* the Parker Declaration in full because the two declarants, like Collins-Earley, were not disclosed in discovery. This argument is waived as to the Greene Declaration because Plaintiff could have raised it in his evidentiary objections but did not, and legally baseless as to the Parker Declaration because that Declaration is outside the scope of the February 23, 2017 Opinion and Order such that there is therefore nothing to reconsider about it. Even putting those issues aside, the arguments are meritless. Defendant's operative witness list includes "[a]ny witness identified in EEO Complaints filed by Plaintiff, including . . . 4J-481-0105-09[,] . . . 4J-481-0106-11, [and] 4J-481-0142-13." (ECF No. 58, Defendant's

Preliminary Witness List Under the Fourth Amended Complaint at 6, Pg ID 494.) Greene's name appears in the EEO records under the first two of the three EEO complaint numbers quoted above, and Parker's name appears in the records under the third. (Def.'s Resp. Ex. 1.) Indeed, references to Greene and Parker in EEO records appear in Plaintiff's own summary judgment evidence: that is, in the exhibits attached to his response to Defendant's partial summary judgment motion. (ECF No. 77 Ex. 12, Records related to EEO 4J-481-0105-09 at Pg ID 2609; Ex. 15, Records related to EEO 4J-481-0142-13 at Pg ID 2763.)

To the extent that Plaintiff's Motion for Reconsideration seeks requests that this Court strike the Greene and Parker Declarations, the Motion will be denied.

**D.    Plaintiff's argument regarding "Defendant's Apparent Motive in Submitting False Declarations" is meritless.**

Next, Plaintiff advances an argument in his Motion for Reconsideration regarding what Plaintiff believes to be Defendant's motive in submitting what Plaintiff believes to be false declarations to this Court. Specifically, Plaintiff posits that because Defendant cannot refute his evidence that Defendant's managers in the Detroit City Stations knew of his EEO activities—a necessary element for his retaliation claim—Defendant introduced the new issue of regional excessing in its reply brief to divert the Court's focus from that deficiency in its case.

Putting aside the fact that this Court already addressed the relevance of

Collins-Earley's reference to broader regional excessing in the February 23, 2017 Opinion and Order (ECF No. 100 at 6, Pg ID 4122), as well as the fact that Plaintiff has pointed to no palpable defect in that determination, Plaintiff's argument regarding Defendant's "motive" is a verbatim restatement of an argument he raised in his unauthorized reply brief. As with the other arguments in the Motion for Reconsideration that are identical to arguments presented in the now-struck brief, Plaintiff offers no explanation as to why it could not have been raised previously.

As another court in this District held in a decision that Plaintiff himself quotes, "[a] motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010), *aff'd*, 483 F. App'x 30 (6th Cir. 2012). At this point, there is no apple left to bite. The Court will disregard Plaintiff's speculation as to Defendant's motive for providing allegedly false declarations.

**E.    Plaintiff's argument regarding the correct procedural vehicle for his evidentiary objections is meritless.**

Leaving no argumentative stone untossed, Plaintiff asserts in closing that the "Standard of Review" section in this Court's February 23, 2017 Opinion and Order should be revised because it contains an error that, "[o]nce again, . . . occurred as a result of the Court being misled by the USPS." (Pl.'s Resp. at 23, Pg ID 4218.) In

that Opinion and Order, the Court noted with some confusion that Plaintiff had captioned his objections to the Collins-Earley Declaration as a "Motion to Strike" and his objections to the Greene Declaration as "Objections," but determined that whatever the reason for this, the proper course under Sixth Circuit precedent was to construe both filings as objections. (ECF No. 100 at 3-4, Pg ID 4119-20.) In his Motion for Reconsideration, Plaintiff maintains that he "inadvertently *mis-captioned* his objections to the Collins-Earley Declaration as a 'Motion to Strike'," that the substance of the filing makes clear that it was meant to be an objection, and that Defendant then "misled the Court to believe that Plaintiff had filed a motion strike." (Pl.'s Mot. at 23-24, Pg ID 4218-19 (emphasis in original).)

This is of no consequence whatsoever. Whatever the cause of the procedural confusion, the issue at hand is whether there was a palpable defect on the Court's part, and Plaintiff has not shown, or even really argued, that there was. The Court declines Plaintiff's invitation to revise the Opinion and Order so as to reflect that any procedural confusion was Defendant's fault rather than Plaintiff's.

## IV.  CONCLUSION

For the reasons above, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: **MAR 1 2 2018**

22