UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENSON III,

        Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster
General of the United States,

        Defendant.

_____/

Case No. 06-15182

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 116)**

In this Title VII case, Plaintiff James Stevenson III alleges that his employer, the United States Postal Service,[1] took various adverse employment actions against him for discriminatory and retaliatory reasons over the course of several years.

On March 12, 2018, this Court granted in part and denied in part a motion for partial summary judgment filed by Defendant. Plaintiff has moved for reconsideration of that Opinion and Order, arguing that the Court erred in determining that Plaintiff had not shown a genuine issue of material fact as to whether there was a sufficient causal connection between his protected activity and

---

[1] Nominally, the Defendant in this action is Megan J. Brennan, in her capacity as Postmaster General of the United States. For practical purposes, however, the United States Postal Service ("**USPS**") was Plaintiff's employer, and so references to "Defendant" in this opinion are made with that fact in mind.

any adverse actions taken by Defendant against him. For the reasons that follow, the Court will deny Plaintiff's Motion for Reconsideration.

## I. BACKGROUND

On March 12, 2018, this Court issued an Opinion and Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment and Referring the Matter to Facilitative Mediation. (ECF No. 113, Opinion and Order.) There, the Court described the causation standard that governs Plaintiff's Title VII retaliation claim in the following way:

> "Title VII retaliation claims 'must be proved according to traditional principles of but-for causation,' which 'requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" *Laster* [*v. City of Kalamazoo*, 746 F.3d 714, 731 (6th Cir. 2014)] (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013)); *see also E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1070 (6th Cir. 2015) ("[U]nder *Nassar*, a Title VII claimant must show that his or her protected activity was a but-for cause of the adverse action by the employer.").

(Opinion and Order at 34, Pg ID 4718.) Under that standard, the Court held (*inter alia*) that Plaintiff had failed to meet his *prima facie* burden with respect to causation on his retaliation claim, insofar as that claim was based on certain specific factual grounds. (*See id.* at 34, 40, 43-44, 48-49, Pg ID 4718, 4724, 4727-28, 4732-33.)

Plaintiff filed the instant Motion for Reconsideration on March 26, 2018, seeking reconsideration of the March 12, 2018 Opinion and Order generally, and the

2

Court's findings as to causation specifically. (ECF No. 116, Pl.'s Mot.) Under E.D. Mich. L.R. 7.1(f)(1), the Court determines that no hearing is necessary to rule on the Motion for Reconsideration, and that the matter is otherwise ripe for adjudication.

## II. STANDARD OF REVIEW

Local Rule 7.1(h)(3) provides as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *see also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "A motion for reconsideration should not be used

liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original) (citing *Maiberger*, 724 F. Supp. 2d at 780), *aff'd*, 483 F. App'x 30 (6th Cir. 2012).

"To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.*, 417 B.R. 449, 454 (E.D. Mich. 2009) (quoting *Henderson v. Walled Lake Consolidated Schools,* 469 F.3d 479, 496 (6th Cir. 2006)). "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007)). By the same token, "a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Id.* (citing *Sommer v. Davis,* 317 F.3d 686, 691 (6th Cir. 2003) and *CGH Transp., Inc. v. Quebecor World, Inc.,* 261 F. App'x 817, 824 (6th Cir. 2008)); *see also Arrowood Indem. Co. v. Lubrizol Corp.*, 695 F. App'x 842, 849 (6th Cir. 2017) ("Motions for reconsideration are not to be used as 'an opportunity to re-argue a case' or to 'introduce evidence for the first time ... where that evidence could have been

4

presented earlier.'") (quoting *Shah*, 507 F. App'x at 495).

## III. DISCUSSION

**A. The Court's causation analysis in the March 12, 2018 Opinion and Order was not based on a clear error of law.**

Plaintiff argues that this Court's causation analysis in the March 12, 2018 Opinion and Order was erroneous. Specifically, Plaintiff takes issue with the Court's determination that Plaintiff's retaliation claim "'must be proved according to traditional principles of but-for causation,' which 'requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" (ECF No. 113 at 34, Pg ID 4718 (quoting *Laster v. City of Kalamazoo*, 746 F.3d 714, 719 (6th Cir. 2014) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)).)

Plaintiff's position is that "but-for" causation is not the correct legal standard because Title VII retaliation actions against federal agencies like USPS are governed by a different statutory provision than that which governs such actions against private employers: 42 U.S.C. § 2000e-16 (hereinafter the "**federal-sector provision**"), instead of 42 U.S.C. § 2000e-3. And although "but-for" causation is the proper causation standard for Title VII retaliation actions against private employers under 42 U.S.C. § 2000e-3, Plaintiff argues, Title VII retaliation actions against federal agencies brought pursuant to the federal-sector provision are subject to a substantially lower "motivating factor" causation standard.

5

The Sixth Circuit has consistently applied a "but-for" causation standard to Title VII retaliation claims brought against federal agencies. *See, e.g., Taylor v. Geithner*, 703 F.3d 328, 339 (6th Cir. 2013) (holding, as to an Internal Revenue Service employee's Title VII retaliation claim against the U.S. Secretary of the Treasury, that "[i]n order to establish a causal connection, [the plaintiff must evidence] that the employer would not have taken the adverse action against the plaintiff had the plaintiff not engaged in activity that Title VII protects") (internal quotation marks omitted); *Dean-Lis v. McHugh*, 598 F. App'x 412, 414 (6th Cir. 2015) (holding, as to a civilian Army employee's Title VII retaliation claim against the U.S. Secretary of the Army, that the causation prong of the plaintiff's *prima facie* case required a showing that "the Army would not have taken [the adverse] action but for the [plaintiff's] protected activity") (citing *Laster*, 746 F.3d at 730, and *Nassar*, 133 S. Ct. at 2533); *Philbrick v. Holder*, 583 F. App'x 478, 489 (6th Cir. 2014) (holding, as to a U.S. Marshal's Title VII retaliation claim against the U.S. Attorney General, that "[w]ith respect to the 'causal connection,' the plaintiff must establish that 'but for' the protected activity, the materially adverse action would not have occurred") (citing *Nassar*, 133 S. Ct. at 2532–33).

In support of his argument, Plaintiff cites a 2016 Equal Employment Opportunity Commission ("**EEOC**") Guidance document explaining that the EEOC's position is that the textual differences between the federal-sector provision

and 42 U.S.C. § 2000e-3 require that a less exacting standard be applied to Title VII retaliation claims brought against federal agencies under the federal-sector provision. *See* EEOC ENFORCEMENT GUIDANCE ON RETALIATION AND RELATED ISSUES, 2016 WL 4688886, at *22 ("The federal sector provisions contain a broad prohibition of 'discrimination' rather than a list of specific prohibited practices, requiring that employment 'be made free from any discrimination,' including retaliation. Therefore, in Title VII and ADEA cases against a federal employer, retaliation is prohibited if it was a motivating factor.") (internal quotation marks and footnote omitted).

The EEOC Guidance that Plaintiff has cited does not bind this Court. The Sixth Circuit precedent discussed *supra*, however, does, and that precedent makes clear that the "but-for" causation standard discussed in *Laster* and *Nasser* was properly applied in this case. Because Plaintiff has cited no binding authority indicating that a different causation standard should have been applied, the Court rejects Plaintiff's argument that the Court's failure to do so was a palpable defect that now requires reconsideration of the March 12, 2018 Opinion and Order.

**B.  Plaintiff's remaining arguments for reconsideration of the March 12, 2018 Opinion and Order do not demonstrate a palpable defect.**

The remainder of the arguments presented in Plaintiff's Motion for Reconsideration have to do with whether Plaintiff demonstrated a genuine issue of

material fact regarding causation as to the various grounds for his retaliation claim. To the extent that these arguments depend on a finding by this Court that a lower standard than "but-for" causation applies to that claim, the arguments fail because the Court declines to make such a finding for the reasons discussed above.

Insofar as Plaintiff presents these arguments under the "but-for" causation standard that *does* govern his retaliation claim, the arguments lack merit for a different reason. Local Rule 7.1 provides that to prevail on a motion for reconsideration, the movant must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled." E.D. Mich. L.R. 7.1(h)(3). "To establish a 'palpable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.*, 417 B.R. 449, 454 (E.D. Mich. 2009) (quoting *Henderson v. Walled Lake Consolidated Schools,* 469 F.3d 479, 496 (6th Cir. 2006)). Sixth Circuit precedent also establishes that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," or "introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Shah*, 507 F. App'x at 495.

With regard to the arguments in Plaintiff's Motion for Reconsideration besides those that concern the applicable causation standard, Plaintiff has failed to show that those arguments point to a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice; that they could not have been raised earlier, or are premised on evidence that was unavailable earlier; or indeed that they amount to anything more than an impermissible attempt to use the instant Motion for Reconsideration as "an opportunity to re-argue [the] case." *Arrowood Indem. Co. v. Lubrizol Corp.*, 695 F. App'x 842, 849 (6th Cir. 2017) (internal quotation marks omitted) (quoting *Shah*, 507 F. App'x at 495). Accordingly, the Court rejects those arguments as well.

## IV. CONCLUSION

For the reasons above, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: May 29, 2018　　　　　　　　　　　　s/Paul D. Borman
　　　　　　　　　　　　　　　　　　　　　　Paul D. Borman
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 29, 2018.
　　　　　　　　　　　　　　　　　　　　　　s/D. Tofil
　　　　　　　　　　　　　　　　　　　　　　Deborah Tofil, Case Manager